CINCINNATI (CITY) v. PATRICK McLAUGHLIN ET AL.

1. CONSEQUENCE NOT NEGLIGENCE OF FLOODING PREMISES GIST OF DAMAGES.

   The consequences and not the manner of causing an increased flow of water upon premises of another constitute the wrong for which damages lie, and it is immaterial whether done negligently or otherwise.

2. MEASURE OF DAMAGES FOR INCREASED FLOW OF SURFACE WATER UPON PREMISES.

   The measure of damages to property accruing from an increased flow of surface water thereon is the cost of repairs necessary to preserve the property during the period complained of and the further cost of restoring the property to its former condition, not exceeding the difference in value thereof; but recovery cannot be had twice for the same injury.

**3. DISCRETION IN ORDER OF ADMISSION OF TESTIMONY.**

Admission of evidence out of order, the court stating at the time that opposing counsel may offer evidence to meet it, is not an abuse of judicial discretion.

ERROR to Hamilton common pleas court.

,D. V. Sutphin, assistant city solicitor, for plaintiff in error:

Cited and commented upon the following authorities. ,Valley Ry. v. Franz, 43 Ohio St. 623 [4 N. E. Rep. 88]; Crawford v. Rambo, 44 Ohio St. 279 [7 N. E. Rep. 429]; Tootle v. Clifton, 22 Ohio St. 247 [10 Am. Rep. 732]; Blue v. Wentz, 54 Ohio St. 247 [43 N. E. Rep. 493]; Butler v. Peck, 16 Ohio St. 334 [88 Am. Dec. 452]; Ruffner v. Land & Bldg. Assn. 6 Dec. Re. 1065 (10 Am. L. Rec. 51); Sheldon v. Cole, 3 Dec. 473 (2 N. P. 307); Cincinnati v. Wright, 14 Dec. 600 (2 N. S. 53); Toledo v. Lewis, 9 Circ. Dec. 451 (17 R. 588), affirmed, without report, Toledo v. Lewis, 52 Ohio St. 624; Cummings v. Toledo, 5 Circ. Dec. 495 (12 R. 650); Toledo v. Grasser, 6 Circ. Dec. 782 (12 R. 520).

Peck, Schaffer & Peck, for defendant in error.

GIFFEN, J.

The consequences of the acts of the defendant in causing an increased flow of water upon plaintiff's property, and not the manner of performing such acts, constitute the wrong inflicted and it is immaterial whether the acts were done negligently or otherwise.

The admission of evidence out of order is not reversible error, unless abuse is shown, and none appears in allowing the deposition of Mr. Critchell to be read. The court at the time stated to counsel for defendant that he might offer such evidence as he had to meet anything contained in the deposition.

The refusal to give special instruction No. 1 requested by defendant, if erroneous, was cured by giving special instruction No. 3 requested by defendant, and by the general charge of the court upon the subject of extraordinary and unprecedented storms.

Special instructions Nos. 2 and 4 requested by the plaintiffs correctly state the law of the case. The evidence discloses no necessity for emptying the eight-inch pipe on the hillside back of plaintiffs' premises; but on the contrary at least two of defendant's witnesses testify that with little expense such pipe could have been connected with an existing sewer.

These two charges restrict the liability of the city to damage direct-

Cincinnati v. McLaughlin.

ly caused by its own wrongful acts.. As said in the case of *Hamilton* **v.** *Ashbrook*, 62 Ohio St. 511, 518 [57 N. E. Rep. 239] :

"A city may be held in damages for failure to perform its contracts, for wrongs which it perpetrates and for omissions of duties imposed upon it by law."

The wrong in this case consists in unnecessarily collecting and casting upon plaintiffs' premises more surface water than would naturally flow thereon.

The objection to that part of the general charge beginning in the middle of page 374 of the bill of exceptions was afterwards answered and satisfied by the court at the request of counsel for plaintiffs, as appears on page 377.

It is further claimed that the court did not limit the right to recover for injury resulting from the acts complained of in the petition, but included all acts within twenty-one years that tended to increase the flow of water upon plaintiff's premises; but it does not so appear in the charge, as the court expressly refers to damages "resulting from" or "by reason of" the acts complained of, which excludes necessarily all other acts. The plaintiffs were entitled to use and enjoy their property in its natural state, unless changed by contract or prescription, and if the acts set forth in the petition increased the flow of water over the natural flow, and damage resulted thereby, they were entitled to recover.

Of course if other acts of the city or of a third party caused the increased flow of water, and the acts complained of were not the direct cause, there could be no recovery, and we do not understand the charge to be open to any other construction.

The charge of the court, on the measure of damages, that plaintiffs could recover cost of necessary repairs between February 19, 1906, and April 11, 1907, and the cost of restoring the property to the condition it was in at the time the injuries they complain of began, would seem to permit a recovery of the cost of restoration in double measure, first, under the head of repairs; second, under the general head of restoration. If the court had told the jury to allow all repairs necessary during the period named to preserve the property and also the further cost of restoring the property to its condition before the injuries were sustained, not exceeding the difference in value of the property, there could be no objection; but the charge reads as follows:

"You have a right to take into consideration the age of the building and repairs necessary to place it in the condition the house was at the time before the acts from which it suffered occurred. The sound

rule to guide you as to damages is, he is entitled to the cost of restoring the property to the condition it was in at the time that the injuries he complains of began.''

The cost of repairs necessary to place the house in its former condition, and the cost of restoration to that condition are one and the same thing. If both are allowed, then a recovery is twice had for the same injury.

The special findings of the jury indicate that they were misled by this charge, as they found the cost of restoration to be $525, while the difference in the market value of the property on February 19, 1906, and on April 11, 1907, was only $400, and rendered a general verdict for $925. They probably included in the cost of restoration repairs necessary to preserve the property from further injury; and we think the amount of the verdict should be reduced to $525, the cost of restoration found by the jury, and unless such reduction be consented to by defendants in error the judgment will be reversed. The evidence as to the proximate cause of the injuries sustained is conflicting, but not to that extent that would justify us in holding that the verdict in favor of plaintiffs is not sustained by sufficient evidence.

The remarks of counsel for plaintiffs in his argument to the jury charging the suppression of a deposition and deception in reading only half of an answer in a deposition are not justified by the evidence, and therefore reprehensible; but we think that justice in this case does not require a reversal of the judgment on that ground.

**Swing** and **Smith, JJ.,** concur.